THERESA B. LAVELLE, Appellant, v. JOHN A. LAVELLE, Respondent.— Appeal by plaintiff from (1) so much of a judgment of separation as grants defendant a right of visitation and temporary custody of the children of the parties; (2) so much of the findings of fact and conclusions of law made by the court which support the afore-mentioned part of the judgment; and (3) the refusal of the court to make the findings and conclusions, and the judgment, which were submitted by plaintiff. Judgment, insofar as appealed from, modified on the law and the facts by striking therefrom the last ordering paragraph, and matter remitted to Special Term for a hearing as to whether defendant is a fit person to have exclusive custody, although temporary, of the children, and for the making of a new provision with respect to visitation and temporary custody. As so modified, the judgment is unanimously affirmed, with costs to appellant. The subject of the fitness of the defendant was not explored at the inquest. However, so far as appears from the record, there is a serious question as to whether he is a fit person to have exclusive custody of the children, even for temporary periods of time. Appeal from the other items set forth in the notice of appeal dismissed, without costs, as not appealable. Present — Nolan, P. J. Carswell, Wenzel, Schmidt and Beldock, JJ. [See *post*, p. 1037.]

LEAHY CONCRETE CORP., Respondent, v. H. H. & SON BUILDING CORP. et al., Appellants.— Action to recover damages for breach of a building contract and for a judgment decreeing that defendant H. H. & Son Building Corp. was and is an agent of defendant Hastings Terrace, Inc., for the construction of two buildings; that defendant Hastings Terrace, Inc., is the true obligor to plaintiff; and that the acts and conduct of defendants, through their officers, directors and stockholders in the formation of each corporation and the manner in which defendants procured the construction of the buildings, were all calculated to and did impede, impair and prejudice the rights of plaintiff and constituted a conspiracy and a fraud against plaintiff. Defendants appeal from three orders. Order denying defendants' motion for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, affirmed. Order granting plaintiff's motion for reargument of defendants' motion to preclude and directing that the order of preclusion be set aside, affirmed, with leave to defendants, if so advised, to apply for particulars with respect to plaintiff's third cause of action grounded in conspiracy, after the examination before trial of defendants has been completed. Order denying defendants' motion to vacate plaintiff's notice of examination before trial, and directing the examination, affirmed. Examination to proceed on five days' notice. Plaintiff is awarded one bill of $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.